SILVERTOOTH, LYNN N., Associate Judge.
This is an appeal from an Order of a Trial Tudge on pending motions dated July 29, 1965.
The issue appears to be whether the Trial Court erred in charging against the Devisee/Legatee, expenses incurred in preserving property specifically devised and bequeathed, rather than charging same to the residue of the estate.
*594 The facts appear as follow:
The Decedent’s Will specifically bequeathed her home, its furniture and furnishings to Appellant. All expenses, except taxes for its preservation were paid out of the residuary estate for the first two years following the decedent’s death.
The Trial Court entered the Order appealed from on July 29, 1965, and stated in the Order, among other things, that the Court had on March 30, 1964, entered an Order directing the executor to present to the Court a plan for partial distribution, which would have included the distribution to Mrs. Margeson, of decedent’s residence; that Mrs. Margeson objected to partial distribution, and took an appeal to this Court; that her appeal was denied; that Mrs. Margeson could have received the distribution at that time, but having refused distribution, and having taken an appeal from the Order directing it, and, upon her request the Trial Court refused to permit the executor to sell the residence furnished for $20,000.00, on January 14, 1964. The Court charged her with all expenses in connection with storage of personal property, insurance on personal property, and insurance on the house, from March 30, 1964.
It appears settled that under Florida law title to real estate passes at death to the devisee, subject only to the right of the executor to sell for certain items specified by statute; also the net income, interest or increase arising from property specifically devised or bequeathed shall belong to the specific legatee and devisee entitled thereto from the date of death of the testator.
In this case the executor did not need to sell this property for any of the items covered by the statute.
Here the Appellant objected to distribution to her of the property, objected to a sale of the property, and at the same time demanded that any costs of preservation of the property be paid from the residue of the estate.
The Probate Court is guided by equitable principles. It is unreasonable to require the residuary estate to assume the expenses of preserving Appellant’s property after it was ready for distribution. Otherwise a situation might arise where the Appellant could require the executor to preserve her property indefinitely at no cost to her. The law does not contemplate this.
We affirm the Trial Court, and hold that after a specific devise and legacy is ready to be distributed, that the Trial Court does have the authority to charge preservation costs of specifically devised property against the specific legatee or devisee.
Affirmed.
HOBSON, Acting C. J., and PIERCE, J., concur.